IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PATIENCE OJO a/k/a PATRICIA OJO,** *Plaintiff,*<br><br>**v.**<br><br>**DEVEREAUX ADVANCED BEHAVIORAL HEALTH;** and **KAHLEEF TAYLOR,** *Defendants.* | **Civil No. 25-6872** |

**MEMORANDUM**

**Costello, J.** **August 14, 2026**

Plaintiff Patience Ojo brings this Title VII action against her former employer, Devereaux Advanced Behavioral Health, and one of her supervisors, Kahleef Taylor ("Defendants"). She alleges race-based discrimination and retaliation for reporting a colleague's financial misconduct and other workplace misconduct. Defendants move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court will grant Defendants' motion with leave to amend.

## I. BACKGROUND

Plaintiff, a "Black woman of Nigerian national origin," worked for Devereaux, a behavioral health services organization, as a supervisor with various patient-care responsibilities. ECF No. 1 ¶¶ 7-8, 10-12. Sometime after February 2025, Plaintiff alleges that she discovered that a colleague used a company card to make unauthorized purchases. *Id.* ¶¶ 14-15. When Plaintiff attempted to investigate the purchases, she contends that the colleague "responded with hostility." *Id.* ¶ 16. Plaintiff reported the purchases and the colleague's hostility to one of her

supervisors. *Id.* ¶¶ 17, 78. Plaintiff alleges her supervisors, including Taylor, subsequently "treat[ed] [her] with hostility and issued queries to [her] for unjust causes." *Id.* ¶ 43.

On June 5, 2025, a staff member working at a different facility operated by Devereaux notified Plaintiff that a client being transferred to Plaintiff's facility had facial bruises. *Id.* ¶ 23. Once the client arrived, Plaintiff sent a text message with photographs of the bruises and a summary of the issue to one of her supervisors. *Id.* ¶ 28. The supervisor responded that "Plaintiff should instruct the staff to perform routine body checks before and after drop-offs." *Id.* ¶ 29. Plaintiff "immediately" complied by "show[ing] staff how to use [a] body check folder." *Id.* ¶¶ 30, 54. Devereaux terminated Plaintiff on June 10, 2025 for purportedly failing to properly report and document the client's bruises. *Id.* ¶¶ 46-69, 76.

However, according to Plaintiff, her failure to properly document the bruising was because Devereaux did not adequately train her to use "EIM," its incident management system. *Id.* ¶ 55. Plaintiff allegedly "informed the EIM trainer that she did not fully understand the system" after attending one training session, but the trainer did not schedule a follow-up session. *Id.* ¶¶ 56, 58.

Plaintiff subsequently brought this action, asserting claims for race-based discrimination and retaliation under Title VII. Defendants moved to dismiss both claims, raising three primary arguments: (1) Plaintiff did not engage in protected activity under Title VII; (2) Plaintiff cannot show her alleged protected activity was the likely reason for her termination; and (3) Defendants have a legitimate and non-discriminatory reason for her termination. ECF No. 11 at 10-15. Plaintiff opposed the motion. *See generally* ECF No. 18.

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads facts sufficient to support a reasonable inference "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Assessing plausibility under *Twombly* requires three steps. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, the Court must "take note of the elements the plaintiff must plead to state a claim." *Id.* (alterations omitted) (quoting *Iqbal*, 556 U.S. at 675). Next, the Court must "identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, the Court must accept as true all "well-pleaded factual allegations," draw all reasonable inferences from them, and "determine whether they plausibly give rise to an entitlement to relief." *Id.* (alterations omitted). "If the well-pleaded facts do not nudge the claims 'across the line from conceivable to plausible,' the Court must dismiss the complaint." *Lynch v. Tasty Baking Co.*, 23cv4445, 2024 WL 967842, at *2 (E.D. Pa. Mar. 6, 2024) (quoting *Twombly*, 550 U.S. at 570).

## III. DISCUSSION

A retaliation claim brough under Title VII "may survive [a] motion to dismiss if a plaintiff pleads sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) she engaged in conduct protected by Title VII; (2) the employer took adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action." *Connelly*, 809 F.3d at 789 (internal citation

omitted). Plaintiff's claim fails at the first prong because she does not allege she engaged in activity that is protected by Title VII.

Title VII prohibits discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2. It also protects those who oppose discrimination on those bases from retaliation. *Moore v. City of Philadelphia*, 461 F.3d 331, 341 (3d Cir. 2006). Thus, to qualify as "protected activity" for a retaliation claim, a plaintiff "must allege that the opposition was to discrimination based on a protected category, such as age or race." *Daniels v. Sch. Dist. of Philadelphia*, 776 F.3d 181, 193 (3d Cir. 2015) (citing *Slagle v. Cnty. of Clarion*, 435 F.3d 262, 266-67 (3d Cir. 2006)).

Plaintiff alleges she engaged in the following conduct, which she argues constitute protected activities: (1) reporting "financial misconduct" by colleagues; (2) complaining of "hostile treatment from supervisors and coworkers" for looking into the alleged financial misconduct; (3) "advocating for proper patient care, safety, and documentation"; and (4) "opposing what she reasonably believed to be improper and potentially unlawful employment practices." ECF No. 1 ¶ 79.

None of these allegations support an inference that Plaintiff was opposing unlawful discrimination based on a protected characteristic. General complaints unrelated to discrimination, like Plaintiff's complaints about financial misconduct and patient care protocols, are not within the purview of Title VII. *See, e.g.*, *Roseboro v. Exec. Off. of U.S. Dep't of Just.*, 25cv5418, 2026 WL 1008144, at *4 (E.D. Pa. Apr. 14, 2026) ("Complaining about fraud and performance evaluations are not protected [activities]"); *Painadath v. Thomas Jefferson Univ. Hosp.*, 24cv6567, 2025 WL 2884389, at *4 (E.D. Pa. Oct. 9, 2025) (complaint of a colleague's

aggressive behavior was not a protected activity because the "behavior was not an employment practice prohibited under Title VII").

Plaintiff's remaining allegations about "hostile treatment from supervisors" and "improper employment practices" are vague, conclusory, and do not support an inference Plaintiff was opposing unlawful discrimination. *See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc.*, 450 F.3d 130, 135 (3d Cir. 2006) (plaintiff failed to plead Title VII retaliation claim where alleged opposition "was too vague to constitute opposition to an unlawful employment practice of his employer because it neither explicitly or implicitly alleged that a protected characteristic was the basis for the adverse employment action") (internal quotations omitted); *Davis v. City of Newark*, 417 F. App'x 201, 203 (3d Cir. 2011) (plaintiff's general complaints about violations of workplace regulations and unfair treatment by supervisors "failed to identify any conduct proscribed by Title VII"). Thus, Plaintiff fails to state a claim upon which relief may be granted and the Court will grant Defendants' motion to dismiss.

However, the Court will grant Plaintiff leave to amend her Complaint. Under the Federal Rules, "leave to amend should be liberally given unless amendment would be inequitable or futile." *Montanez v. Price*, 154 F.4th 127, 151 (3d Cir. 2025). That preference is even stronger in civil rights cases. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251-52 (3d Cir. 2007). While Plaintiff has not pleaded sufficient facts to allege she engaged in protected activity to survive a motion to dismiss, Defendants have not shown that Plaintiff cannot ever plead facts sufficient to allege she engaged in a protected activity. Further, because it is early in the litigation and discovery has yet to commence, allowing Plaintiff to file an amended complaint would not cause prejudice to Defendants.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss. Plaintiff will be granted leave to file an Amended Complaint. An appropriate Order will follow.

**BY THE COURT:**

MARY KAY COSTELLO
United States District Judge